IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRYAN HUNTER,

    Plaintiff,

    v.

AZARIEA ALMUFLEH,

    Defendant.

Case No. 3:25-cv-00912-AB

OPINION & ORDER

David Arden Anderson
Conor Butkus
Schwabe, Williamson & Wyatt
1211 SW 5th Ave Ste. 1900
Portland, OR 97204

    Attorneys for Plaintiff

Howard A. Newman
Newman Law Offices
1050 SW Sixth Ave Ste. 1100
Portland, OR 97204

    Attorney for Defendant

1 – OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Bryan Hunter brings this breach of contract action against Defendant Azariea Almufleh. Notice of Removal Ex. A ("Compl."), ECF No. 1-1. Plaintiff now moves to compel arbitration pursuant to the parties' purchase agreement. Pl.'s Mot. Compel Arbitration ("Pl.'s Mot."), ECF No. 18. For the reasons below, the Court grants Plaintiff's Motion to Compel Arbitration.

## BACKGROUND

Plaintiff runs a marijuana farming operation. Compl. ¶ 4. Following changes in the marijuana industry that tempered wholesale market sales, Plaintiff was eager to establish a retail store to sell his product. *Id*. However, Plaintiff found there to be a lengthy waiting period to obtain the requisite license from the Oregon Liquor and Cannabis Commission ("OLCC"). *Id.* ¶ 6. To expedite his acquisition of a license, Plaintiff entered into an agreement with Defendant to purchase her spot in line before the OLCC. *Id.* ¶ 7. Defendant represented that she was "currently second in line at the OLCC." *Id.* ¶ 9. On July 19, 2019, the parties executed a License Application Purchase Agreement ("Agreement"). Compl. Ex. A.

The ownership of the pending application was formally transferred on October 17, 2019. Compl. ¶ 11. A few days later, Plaintiff received notice from the OLCC that his application was twentieth in line. *Id.* ¶ 12. Defendant argues that OLCC documents will show her second-in-line representation was accurate at the time the representation was made and the purchase agreement executed, and thus Defendant honored her warranty. Answer & Counterclaims 4–5, ECF No. 14.

On May 14, 2025, Plaintiff filed suit in Clackamas County Circuit Court alleging breach of contract. Compl. Defendant removed to this Court and thereafter filed an Answer and Counterclaims. Notice of Removal, ECF No. 1; Answer & Counterclaims. No discovery has

occurred other than Defendant's subpoena on the OLCC to preserve records related to communications between the OLCC and the parties. Order, July 1, 2025, ECF No. 16. On July 21, 2025, Plaintiff filed this Motion to Compel Arbitration. Pl.'s Mot. Defendant opposed the motion and additionally requested, if this Court does grant the motion, that the Court certify Defendant's request for interlocutory appeal. Def.'s Resp. Opp'n Pl.'s Mot. ("Def.'s Resp.") 12, ECF No. 25. The Court stayed all other deadlines pending the resolution of this motion. Order, Aug. 4, 2025, ECF No. 22.

## STANDARDS

"A contract evidencing a transaction involving commerce" is subject to the Federal Arbitration Act ("FAA"). 9 U.S.C. § 2. The FAA provides for a cause of action in United States district court for a party "aggrieved by the alleged failure . . . of another to arbitrate under a written agreement for arbitration . . . ." 9 U.S.C. § 4. "By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

In this statutory scheme, "[t]he basic role for courts under the FAA is to determine '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (quoting *Chiron*, 207 F.3d at 1130). When a contract is covered by the FAA, federal law governs the question of arbitrability. *Brennan v. Opus Bank*, 796 F.3d 1125, 1129 (9th Cir. 2015).

3 – OPINION & ORDER

**DISCUSSION**

Plaintiff moves to compel arbitration, arguing that the parties are bound by an arbitration provision in their Agreement. Pl.'s Mot. 5. Defendant opposes the motion, arguing that Plaintiff waived his right to arbitrate by filing this case in state court. Def.'s Resp. 7. Plaintiff responds that the waiver issue is itself subject to arbitration. Pl.'s Mot. 7. Defendant separately moves for leave to file an interlocutory appeal should the Court grant Plaintiff's motion to compel arbitration. Def.'s Resp. 12. The Court addresses each in turn below.

**I.   Arbitrability**

The Court must first decide whether a court or an arbitrator is the appropriate entity to determine arbitrability of the waiver issue. There is a presumption that the court determines arbitrability. *See, e.g.*, *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). Indeed, "[e]very circuit that has addressed this issue—whether a district court or an arbitrator should decide if a party waived its right to arbitrate through litigation conducted before the district court—has reached the same conclusion." *Martin v. Yasuda*, 829 F.3d 1118, 1123 (9th Cir. 2016). The question is "presumptively for a court and not an arbitrator to decide." *Id.*

However, this presumption is rebutted when the parties' arbitration agreement "clearly and unmistakably" delegates questions of arbitrability to an arbitrator. *Howsam*, 537 U.S. at 83. In *Brennan*, the Ninth Circuit held that "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan*, 796 F.3d at 1130; *accord Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013) ("Virtually every circuit to have considered the issue has determined that incorporation of the [AAA's] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."). The panel in *Brennan* limited its holding "to the facts of the present

case, which [involved] an arbitration agreement 'between sophisticated parties.'" 796 F.3d at 1131 (quoting *Oracle*, 724 F.3d at 1075). However, when a party opposing a motion to compel arbitration under *Brennan* "offer[s] no evidence concerning their sophistication or lack thereof to the district court" the court "need not decide the issue in order to resolve [the] case." *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024).

Here, as in *Brennan*, the Agreement between the parties expressly incorporates AAA rules. Paragraph 7(f) provides "[a]ny dispute between the parties relating to this Agreement will be resolved exclusively through arbitration to take place before one (1) arbitrator in Portland Oregon under AAA's Commercial Arbitration Rules . . . ." Compl. Ex. A ¶ 7(f). The AAA Commercial Arbitration Rules in turn grant the arbitrator "the power to rule on his or her jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim . . . ." American Arb. Ass'n, *Commercial Arbitration Rules and Mediation Procedures*, R-7(a) (2025).[1] Thus, the parties' Agreement clearly and unmistakably delegates the question of arbitrability to an arbitrator. As neither party offers evidence concerning their sophistication or lack thereof, the Court need not reach the sophistication issue in order to compel arbitration.

In sum, because the Agreement selects the AAA Commercial Arbitration Rules to govern disputes arising out of the Agreement, arbitrability is for the arbitrator—not this Court—to decide.

---

[1] Available: https://www.adr.org/media/sfdkznhv/2025_commercialrules_web.pdf [permalink: https://perma.cc/U4KX-9J6A]

5 – OPINION & ORDER

## II. Interlocutory Appeal

Section 16(a) of the FAA allows a party to immediately appeal the denial of a motion to compel arbitration but does not provide an avenue for a party to appeal an order granting such a motion. 9 U.S.C. § 16; *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("Notably, Congress provided for immediate interlocutory appeals of orders *denying*—but not of orders *granting*—motions to compel arbitration."). Because the FAA allows only for interlocutory appeals arising from the denial of a motion to compel arbitration, Defendant asks the Court to "even the playing field" by certifying an interlocutory appeal if it grants the instant motion to compel. Def.'s Resp. 12. Parties seeking to take an interlocutory appeal of an order granting a motion to compel arbitration are "obliged to obtain the district court's permission for an interlocutory appeal under 28 U.S.C. § 1292(b)." *Gonzalez v. Coverall N. Am., Inc.*, 754 F. App'x 594, 596 (9th Cir. 2019).

Under § 1292(b), a district court may certify an appeal of an interlocutory order where (1) the order involves a controlling question of law (2) on which there is substantial ground for difference of opinion and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). An interlocutory appeal is the exception to the rule. It is a "departure from the basic policy of postponing appellate review until after the entry of a final judgment" and as such requires "exceptional circumstances . . . ." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

Here, the Court finds that there is no controlling question of law on which there is a substantial ground for difference of opinion. The Court denies Defendant's request to certify interlocutory appeal for that reason alone. "To determine if a 'substantial ground for difference

of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). The mere fact "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.*

Defendant has not addressed the relevant case law to show that there is a substantial ground for difference of opinion on the outcome of this motion. Again, the Ninth Circuit has held "that incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan*, 796 F.3d at 1130. And while Defendant may disagree with the Court's ultimate conclusion, a "party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Couch*, 611 F.3d at 633 (internal citation omitted).

Finally, an interlocutory appeal would frustrate the statutory purpose of the FAA. *See Smith v. Spizzirri*, 601 U.S. 472, 476-78 (2024) (holding the FAA requires a stay pending arbitration and writing "[i]f a district court dismisses a suit subject to arbitration . . . , that dismissal triggers the right to an immediate appeal where Congress sought to forbid such an appeal."); *see also Theodore v. Am. Express Nat'l Bank*, No. 23-cv-03710-AMO, 2025 WL 1294648, at *3 (N.D. Cal. May 2, 2025) ("28 U.S.C. § 1292(b) remains available to appeal certain orders, but to grant such a motion for interlocutory appeal here would effect an end run around the Supreme Court's holding in *Smith*. Section 1292(b) is not meant to paper over

7 – OPINION & ORDER

Congress's purpose in shuttling the parties smoothly to arbitration."). In other words, the asymmetrical interlocutory appeal rights complained of by Defendant are a feature, not a bug, of the FAA.

In sum, there is not substantial ground for difference of opinion about the controlling issue of law here. When parties incorporate AAA rules in their agreement, the parties must follow those rules with respect to the issue of arbitrability. *Brennan*, 796 F.3d at 1130. To certify an interlocutory appeal on these facts would frustrate the purpose of the FAA. Defendant's request to certify interlocutory appeal is denied.

## CONCLUSION

The Court GRANTS Plaintiff's Motion to Compel Arbitration [18] and DENIES Defendant's Request for Certification for Interlocutory Appeal [25]. The Court STAYS proceedings pending arbitration. The parties shall file a status report every ninety (90) days with the Court. The first status report will thus be due 90 days from this Opinion & Order. If arbitration concludes prior to the filing of the status report, the parties must notify the court within seven calendar days.

IT IS SO ORDERED.

DATED this 31st day of October, 2025.

AMY M. BAGGIO
United States District Judge